UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ABDUL WAHEED MOHAMMED,<br><br>Defendant. | 5:24-CR-50165-CCT-2<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL** |

On November 21, 2024, Mohammed was indicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349 and one count of wire fraud in violation of 18 U.S.C. § 1343. Docket 1. The matter proceeded to a jury trial October 14-16, 2025. Docket 96. On October 16, 2025, the jury found Mohammed guilty of conspiracy to commit wire fraud (Count I) and not guilty of wire fraud (Count II). Docket 104.

On October 30, 2025, fourteen days after the trial ended, Mohammed filed a motion for acquittal, or in the alternative, a motion to set aside the verdict of guilty on Count I and grant a new trial. Docket 111. In support of his motion, Mohammed argues that:

1. The verdict is contrary to the weight of the evidence;
2. The verdict is not supported by substantial evidence;
3. The court committed error in denying the defendant's Motion for Acquittal at the close of the government's case;
4. Defendant was deprived of a fair trial, and was substantially prejudiced by the trial activities represented by the U.S. Attorney as it relates to material witness to-wit: Shalinee Vyas, for the

1

     defense, and such misconduct prevented the witness from testifying to the jury which prejudiced the defendant;
5. The prosecution did not present sufficient evidence to support a conviction beyond reasonable doubt for Conspiracy to Commit Wire Fraud;
6. That the government did not present any evidence that the defendant had specific intent to join in the conspiracy to defraud, and insufficient to support an essential element of use of the wire to execute the scheme of fraud;
7. That Defendant was acquitted on the underlying charge of Wire Fraud in South Dakota and elsewhere, which was the basis for the indictment for Conspiracy to Commit Wire Fraud and an acquittal is necessary as a matter of law because the defendant was acquitted of the underlying offense;
8. As a matter of law, there was reasonable doubt as to the defendant's guilt on the Count I.

Docket 111. Mohammed's motion contains no citations to the record or legal authority. The government argues that Mohammed has failed to provide anything "[o]ther than blanket statements" in support of his position and that the evidence presented at trial was sufficient for a reasonable jury to find Mohammed guilty as to Count I, so his motions should be denied. Docket 114 at 3, 9.

## LEGAL STANDARD

### I. Judgment of Acquittal

Federal Rule of Criminal Procedure Rule 29 provides that a "defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict." Fed. R. Crim. P. 29(c)(1). On the defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "District courts have 'very limited latitude' to enter a judgment of acquittal under Rule 29." *United States v. White Plume,* No. 5:23-CR-50025-KES, 2023 WL 6976584, at *5 (D.S.D. Oct. 23,

2023), *aff'd sub nom. United States v. Plume*, 110 F.4th 1130 (8th Cir. 2024) (quoting *United States v. Hassan*, 844 F.3d 723, 725 (8th Cir. 2016)). "The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence." *Id.* (quoting *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004)).

At the judgment of acquittal stage, the court does not assess witness credibility or weigh evidence. *Id.* Instead, the "court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007). "The evidence to support a conviction is sufficient, as a matter of law, if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Weston,* 4 F.3d 672, 674 (8th Cir.1993) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.'" *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)).

II.     **Motion for New Trial**

"Under Rule 33 of the Federal Rules of Criminal Procedure, a court can vacate a judgment and grant a new trial 'if the interest of justice so requires.'" *United States v. Sierra*, No. 5:19-CR-50110-KES, 2023 WL 1785573, at *3 (D.S.D. Feb. 6, 2023), *aff'd*, 94 F.4th 721 (8th Cir. 2024), *cert. denied*, 145 S.

Ct. 395 (2024) (quoting Fed. R. Crim. P. 33(a)). The decision to grant or deny a Rule 33 motion "is within the sound discretion of the [district] court." *United States v. Campos*, 306 F.3d 577, 580 (8th Cir. 2002). The court's discretion is both broad and limited. *Id.* It is broad to the extent the court "can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Id.* (citation omitted). The court's discretion is limited to the extent the court must allow the jury's verdict to stand unless it "determines that a miscarriage of justice will occur." *United States v. Worman*, 622 F.3d 969, 978 (8th Cir. 2010). "[T]he court need not view the evidence most favorably to the verdict, but must weigh the evidence and evaluate the credibility of the witnesses." *Id.* at 977.

## DISCUSSION

First, it is Mohammed's burden to show that he is entitled to a judgment of acquittal under Rule 29 or a new trial under Rule 33. *See United States v. Cathey*, No. 4:18-CR-40097-KES, 2020 WL 419468, at *5 (D.S.D. Jan. 27, 2020), *aff'd*, 997 F.3d 827 (8th Cir. 2021) (noting that because "defendants did not show that the weight is so against the verdict that a miscarriage of justice will occur if a new trial is not ordered . . . the jury's verdict must be allowed to stand." (citation modified)); *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) ("The defendant bears the burden of proving that he is entitled to a new trial under Rule 33[.]"); *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (noting that the defendant bears a "heavy burden" in making a Rule 29 motion based on the sufficiency of evidence).

Mohammed has done nothing more than provide a list of eight conclusory grounds in support of his request for judgment of acquittal, or alternatively, for a new trial, providing no reference to the record or any legal authority. *See United States v. Fechete*, No. 06 CR 923-1, 2008 WL 4200286, at *2 (N.D. Ill. Sept. 10, 2008) (finding that defendant's conclusory allegations with no citation to the record or legal authority "are insufficient to meet the 'very high burden' required for a judgment of acquittal under Rule 29"). "Courts have found that a defendant's blanket proclamation that the evidence presented at trial is insufficient to support a conviction does not satisfy the defendant's burden on a Rule 29 motion for judgment of acquittal or a Rule 33 motion for new trial." *White Plume*, 2023 WL 6976584, at *2.

In Mohammed's allegations (1), (2), (5), (6), and (8) he claims the government failed to meet its evidentiary burden on Count I, conspiracy to commit wire fraud. Docket 111. These allegations offer no argument, reference to the evidence presented at trial, or citations to the record or legal authority. In allegation (3), he claims the Court committed error in denying the judgment of acquittal at the end of the government's case. *Id*. Again, he provides no indication of how the Court erred in its analysis of the evidence and oral ruling on the Rule 29 motion. It is not the Court's job "to research and construct the legal arguments open to the parties, especially when they are represented by counsel." *Fechete*, 2008 WL 4200286, at *1 (quoting *Beard v. Whitley Cnty. REMC,* 840 F.2d 405, 408–09 (7th Cir. 1988)).

Mohammed next argues in allegation (4) that he was deprived of a fair trial because material witness Shalinee Vyas did not testify. Docket 111. He claims this was because the government prevented her from doing so. *Id.* He is correct that Vyas did not testify at trial, as she invoked her Fifth Amendment right to remain silent. The Court held a hearing outside the presence of the jury and allowed defense counsel to question her. Vyas was represented by her own counsel and after answering some general questions, she chose to invoke her Fifth Amendment privilege. The government argued that Vyas did not have a Fifth Amendment privilege due to her plea agreement. Despite the arguments from both the government and Mohammed that Vyas should be required to testify, the Court found her to be unavailable as a witness. Mohammed did not attempt to elicit her testimony from any other source, although there was discussion on the record about his opportunity to do so, pursuant to Rule 804. Mohammed's argument that Vyas did not testify because of some kind of misconduct by the government is not persuasive.

In allegation (7), Mohammed claims that he should not have been convicted on Count I, conspiracy to commit wire fraud, because he was acquitted on Count II, wire fraud. *Id.* In its oral ruling on Mohammed's request for judgment of acquittal made at the close of the government's case, the Court found that the evidence viewed in the light most favorable to the government was sufficient for any rational trier of fact to find guilt on both counts beyond a reasonable doubt and allowed both counts to go to the jury for consideration. The jury found Mohammed guilty on the conspiracy to commit wire fraud

charge, but not guilty on the wire fraud charge. The Court notes that the elements for these crimes are not the same. *See* Docket 100 at 3–8 (jury instruction numbers (2) and (3)).

Specific to the conspiracy to commit wire fraud count, the Court found that significant evidence had been presented on all three of the elements of the offense, noting that there were WhatsApp messages and telephone calls between Mohammed and others indicating that an agreement had been reached, that the parties were working together to pick up and send money, and evidence had been presented about how money had been sent by Western Union or handed off in person.[1] Further, the Court noted that the WhatsApp messages included information about actions Mohammed took, including travel details to pick up money from similar victims. Mohammed was provided with examples of how to pick up and count the money he received from these victims, and he made videos counting the money he received. The Court noted there were a number of unusual things about the jobs Mohammed did, including the similarity of victims and the fact that he did not receive a lot of detail about where he would be traveling. Mohammed had indicated a willingness to travel for work and requested additional work. Finally, the Court found there was evidence that Mohammed understood he was participating in some kind of covert action, including WhatsApp messages and communications between the parties including WhatsApp messages between Mohammed and

---

[1] No transcript of the trial has been prepared. The Court reviewed an audio recording of its oral ruling on October 16, 2025, on the judgment of acquittal motion made by defense at the close of the government's case.

others that were deleted from his phone's applications by others after law enforcement arrested Mohammed. Mohammed also exhibited paranoid behavior in the videos where he was counting the money he had received from the victims. There is sufficient evidence for a reasonable jury to find Mohammed guilty of the essential elements of conspiracy to commit wire fraud beyond a reasonable doubt.

Mohammed has not shown that the jury verdict is contrary to the evidence and there is no indication that a miscarriage of justice has occurred. This is not an exceptional case where the "evidence preponderates heavily against the verdict." *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015) (quoting *United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007)). As Mohammed cannot meet the burden under Rule 33 to warrant a new trial, he "cannot show that [he] meet[s] the higher, more jury-deferential standard of Rule 29." *Cathey*, 2020 WL 419468, at *6. Thus, Mohammed's Rule 29 and Rule 33 motions are denied.

Thus, it is

ORDERED that Mohammed's motion for acquittal, or in the alternative, a motion to set aside the verdict of guilty on Count I and grant a new trial, Docket 111, is denied.

Dated January 23, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE